RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/30/11
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELTA FUEL CO., INC. | CIVIL ACTION NO. 1:11-1337 |
| VERSUS | |
| | DISTRICT JUDGE DEE D. DRELL |
| RANDY J. MAXWELL, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

On July 18, 2011, Delta Fuel Company, Inc. ("Delta") filed suit pursuant to 42 U.S.C. §1983 and §1985 alleging the defendants' failure to investigate and prosecute Barry Mitchell Maxwell ("Maxwell") violated their right to access the courts, violated the equal protection clause and resulted in wrongful conversion of property. Delta named Sheriff Randy J. Maxwell ("Sheriff Maxwell")[1], District Attorney Bradley Burget ("Burget"), Louisiana Attorney General James D. "Buddy" Caldwell ("Caldwell"), Concordia Parish Sheriff's Office ("Sheriff's Office"), Concordia Parish Office of the District Attorney ("DA's Office ")and Louisiana Department of Justice ("DOJ").[2] Delta sued Sheriff Maxwell, Burget, and Caldwell in their official and personal capacities.

On August 15, 2011, Caldwell and the DOJ filed a motion to dismiss (Doc. 6) pursuant to Federal Rules of Civil Procedure

---

[1] Delta does not set forth any facts showing Maxwell and Sheriff Maxwell are relatives.

[2] Delta named the "Office of the Attorney General of the State of Louisiana rather than the Louisiana Department of Justice. On August 15, 2011, the error was corrected and the La. DOJ was added as a party to the suit and the "Office of the Attorney General of the State of Louisiana" was terminated.

12(b)(1) and 12(b)(6). In the motion, Caldwell and the DOJ contend: neither is a person capable of being sued under §1983; they are immune from suit under Eleventh Amendment immunity; Delta lacks standing to bring claims for declaratory and/or injunctive relief; Delta fails to state a claim upon which declaratory and/or injunctive relief can be granted; they are entitled to prosecutorial immunity; La. DOJ has no vicarious liability; plaintiff fails to state a claim upon which relief can be granted for conversion; and, Delta fails to state a viable claim for conspiracy.

On August 19, 2011 Burget, the DA's Office, the Sheriff's Office and Sheriff Maxwell filed a motion to dismiss pursuant to FRCP 12(b)(6). (Doc. 8). In it they contend the statute of limitations has run on Delta's claims, neither the Sheriff's Office or the DA's Office are proper parties, Delta has failed to state an actionable claim against either Burget or Sheriff Maxwell and Delta has not set forth a cognizable claim for conversion or disparate treatment.

These two motions to dismiss are currently before the undersigned for report and recommendation.

## FACTS

Prior to the filing of the instant lawsuit, Delta learned that its employee, Maxwell, established a competing business while he was still employed at Delta. Upon gaining this knowledge, Delta fired Maxwell and immediately requested the company truck, the company issued computer and cell phone and all keys issued to him.

Maxwell left the premises without returning any of the aforementioned items. After making numerous attempts to contact Maxwell about the return of the items but having failed to receive more than the company truck, Delta filed a complaint with Sheriff's Office on Tuesday March 17, 2009.[3] However, Delta felt Sheriff Maxwell and the Sheriff's Office did not properly or thoroughly investigate the matter.[4]

Around this same time, Burget received notice of the complaint and recused himself from the matter. He asked Caldwell to take over the matter so Caldwell appointed a district attorney ad hoc who obtained a four count indictment against Maxwell on November 10, 2010. Despite obtaining the indictment, the matter was never tried.

Caldwell and the assistant attorney general suggested a plea bargain but Delta vehemently opposed the deal and the trial judge refused to allow it as it dropped all felony counts in exchange for a guilty plea to a misdemeanor charge. Having failed to reach a plea, the attorney general decided to dismiss all charges against Maxwell.

### LAW AND ANALYSIS

<u>Motion to Dismiss</u>

A motion to dismiss for failure to state a claim upon which

---

[3] Delta filed a civil action which was and is currently stayed due to bankruptcy proceedings in Mississippi.

[4] On March 20, 2009, Delta discovered the laptop, without its hard drive, on the steps of its Ferriday branch; however, the cell phone and keys were never discovered.

relief can be granted is generally viewed with disfavor and rarely granted. Tanglewood East Homeowners v. Chalres-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe, 753 F.2d at 1101. A motion to dismiss in an action for failure to state a claim admits the facts alleged in the complaint but challenges plaintiff's right to relief based on those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that the general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).

Proper Parties

The Sheriff's Office, the DA's Office, Burget in his official capacity, the DOJ and Caldwell in his official capacity contend that Delta's §1983 claims against them should be dismissed as they are not considered a "person" for purposes of suit under §1983 and/or are immune from suit pursuant to sovereign immunity or

absolute prosecutorial immunity.

### Concordia Parish Sheriff's Department

Parish sheriff's departments are not legal entities capable of being sued. The State of Louisiana grants no such legal status to any parish sheriff's office. Thus, the Concordia Parish Sheriff's Department is not a "person" capable of being sued. Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D.La. 1988). Also, Riley v. Evangeline Parish Police Jury, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd on part on other grounds, 637 So.2d 395 (La. 1994); Ferguson v. Stephens, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriff's Dept., 511 So.2d 8 n.1 (La. App. 3d Cir. 1987).

### Concordia Parish Office of the District Attorney

Louisiana law does not permit a district attorney's office to be sued in its own name. Nor is the office a person capable of being sued under §1983. Instead, the claim must be brought against the district attorney in his official capacity. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir.), cert. den., 582 U.S. 1004 (1999). Accordingly, Delta's action against the Concordia Parish Office of the District Attorney should be dismissed.

### Burget

Delta's official capacity claims against Burget are based upon the fact he recused himself. The recusal was done in Burget's role as district attorney and "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom."

Imbler v. Pachtman, 424 U.S. 409, 431, n. 33 (1976). Thus, Burget is entitled to absolute prosecutorial immunity.

### Caldwell - Official Capacity

Delta has sued Caldwell in his official capacity with respect to the criminal prosecution of Maxwell. Caldwell contends he is entitled to both Eleventh Amendment and prosecutorial immunity.

With respect to Eleventh Amendment immunity, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). (Internal citations omitted). Though the attorney general stepped in as a district attorney ad hoc, he did not lose his sovereign immunity.[5] His statutory duties are set forth in Louisiana Criminal Code of Procedure Article 62 and article 62(B) provides "the attorney general has authority to institute and prosecute, or to intervene in any proceedings, as he may deem necessary for the assertion or protection of the rights and interests of the state."

Even if Caldwell is not entitled to sovereign immunity, he still enjoys absolute prosecutorial immunity for acts that are an integral part of the judicial process. Buckley v. Fitzsimmons, 509

---

[5] A district attorney is considered a municipality and is not entitled to sovereign immunity.

U.S. 249, 272-73 (1993). Such acts include deciding whether or not to file criminal charges. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990)(internal citations omitted). Accordingly, Delta's official capacity claims against the attorney general should be dismissed.

*Louisiana Department of Justice*

Neither states nor state agencies are "persons" within the meaning of 42 U.S.C. §1983. Id.; Stotter v. University of Texas at San Antonio, 508 F.3d 812, 821 (5th Cir. 2007); Laje, 665 F.2d at 726-27; Lapides v. Bd. of Regents of the Univ. Sys. of Georgia, 535 U.S. 613, 317 (2002). Thus, it must be determined whether or not the Louisiana Department of Justice is an arm of the state and entitled to Eleventh Amendment immunity. The Fifth Circuit has set forth a six factor test to determine whether a defendant is indeed an arm of the state and thus entitled to sovereign immunity.[6] These six factors include: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity exercises; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

Both the Louisiana Constitution and statutes establish the DOJ

---

[6] Clark v. Tarrant County Texas, 798 F.2d 736 (5th Cir. 1986); Voisin's Oyster House Inc. v. Guidry, 799 F.2d 183 (5th Cir. 1986); Minton v. St Bernard Parish, 803 F.2d 129; Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988); Delahoussaye v. City of New Iberia, 937 F.2d 144 (5th Cir. 1991); and Richardson v. Southern University, 118 F.3d 450 (5th Cir. 1997).

is part of the executive branch of Louisiana state government. La.Const. art. IV, §8; La.R.S. 36:701(A). The DOJ is funded from the state and a judgment against it is payable only with funds appropriated by the legislature. It is charged with state wide responsibilities including, asserting the state's rights and interests via the Attorney General. La. R.S. 36:702, 704. Though the fifth and sixth factors weigh against Eleventh Amendment immunity, the courts have held that this will not preclude a finding that the entity is in fact an arm of the state. If all other findings point to the entity being an alter ego of the state, a finding that the entity is an arm of the state and entitled to immunity under the Eleventh Amendment is proper. <u>Voisin's Oyster House</u>, 799 F.2d at 187, <u>Darlak v. Bobear</u>, 814 F.2d 1055, 1060 (5th Cir. 1987); <u>Richardson</u>, 118 F.3d at 456.

Accordingly, the claims against the Louisiana Department of Justice should be dismissed.

<u>Failure to State a Claim</u>

Delta contends that the defendants individually and as co-conspirators violated its clearly established rights to access the court, to protects its property and to be treated equally under the laws.

*Section 1983*

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry

8

in a lawsuit filed under §1983 is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

To set forth a cognizable conspiracy claim under §1983, Delta must "establish the existence of a conspiracy and a deprivation of civil rights in furtherance of the conspiracy." Thompson v. Johnson, 348 Fed.Appx. 919, 922-23 (5th Cir. 2009)(internal citations omitted). While Delta does allege that the defendants "collectively conspired", it sets forth no facts which show how the actions of the defendants amounted to a conspiracy. Rather, it alleges what each defendant, acting alone, did to prevent the prosecution of Maxwell and, therefore, the return of their property. Even if Delta's conclusory allegation could be deemed the existence of a conspiracy, it has not established the deprivation of a civil right.

While "it is clear that, under our Constitution, the right of access to the courts is guaranteed and protected from unlawful interference and deprivations by the state" Ryland v. Shapiro, 708 F.2d 967 (5th Cir. 1983), this right does not mean a right to the criminal prosecution of another. "'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981), quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). See also, McKee v. City of Rockwall, 877 F.2d. 409, 414 (5th Cir. 1989).

With respect to its claim that it was denied equal protection,

9

Delta must show the officers were justified in making an arrest and "that the non-arrest was the result of discrimination against a protected class." Id. Here, Delta lays out facts which, when taken as true, indicates officers likely would have been justified in making an arrest. However, that the non-arrest was the result of discrimination is not evident. Delta simply contends that it is a minority owned Hispanic business and, thus, a member of a protected class. No allegations of a policy of or specific acts of discrimination are shown. If anything, the allegations, when taken as true, show defendants' intention was to protect Maxwell, not to violate Delta's constitutional rights.

Finally, Delta's contention that it was deprived of its property by the defendants should be dismissed as there are no allegations that any of the three defendants ever had possession of Delta's property. The allegations are that Maxwell stole the property, returned some of it, disposed of some of it and never advised what happened to or where the remaining property might be located. There is no allegation that any of the defendants acquired possession of any of the missing items nor that they ever knew where they were. Accordingly, as there was neither a wrongful taking nor a wrongful detention by the defendants, there is no claim for conversion.

### Section 1985

In its complaint, Delta states that this suit is brought pursuant to 42 U.S.C. §1983 and §1985. The only applicable portion of §1985 is §1985(3); however, Delta has not alleged any facts

which support a claim under §1985. To do so, Delta must allege: "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property or a deprivation of any right or privilege of a citizen of the United States." Hilliard v. Ferguson, 30 F.3d 649, 652-653 (5th Cir. 1994).

As stated above, Delta has not and cannot set forth facts establishing a conspiracy or a violation of constitutional rights. Moreover, some racial or class based discriminatory animus underlying the conspiracy which is aimed at violating protected rights must exist but Delta makes absolutely no claims of racial animus. Horaist v. Doctor's Hospital of Opelousas, 255 F.3d 261, 270 (5th Cir. 2001). Instead it simply states that it is "a minority owned Hispanic business; and, therefore, is a member of a protected class" and the "disparate treatment by all Defendants herein during all phases of the criminal prosecution...is both self-evident and systemic." (Doc. 1, p. 18). Without more, there is no cognizable claim for conspiracy under §1985.

*State Law Conversion Claim*

As previously stated, there are no allegations that the defendants either wrongfully took or wrongfully detained Delta's property. The proper party, according to the facts in this case, is Maxwell and Delta's remedy lies against him in the state civil action.

As Delta fails to state a claim against the remaining defendants, Sheriff Maxwell, Burget in his personal capacity and Caldwell in his personal capacity, all claims against them should be dismissed.[7]

## Conclusion

In light of the foregoing, IT IS RECOMMENDED that both motions to dismiss (Doc. 6 and Doc. 8) be GRANTED and Delta's case be DISMISSED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415**

---

[7] As there are no constitutional violations, there is no need to examine whether the defendants are entitled to the defense of qualified immunity as it relates to the personal capacity claims.

(5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this 30th day of September, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE