RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/27/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DELTA FUEL COMPANY, INC. | CIVIL DOCKET NO. 11-1337 |
| -vs- | JUDGE DRELL |
| RANDY J. MAXWELL, ET AL | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Defendants' Motions to Dismiss Pursuant to 12(b)(6) (Docs. 6 and 8) are GRANTED and Plaintiff's suit is DISMISSED WITH PREJUDICE.

In so ruling, we note that the current pleading standard under Fed. R. Civ. P 12(b)(6) should be evaluated in accordance with the decisions of the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and its companion, Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Commencing with these decisions, federal courts have been grappling with the parameters of the Supreme Court's following statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

This "plausibility" requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). Simply put, if "the plaintiff pleads factual content that allows the court to draw the inference that the defendant is liable for the misconduct alleged," the 12(b)(6) motion should be denied. Id. For the reasons contained in the Report and Recommendation by the Magistrate Judge, Plaintiff's action fails to meet the required plausibility standard. We further address Plaintiff's vehement objection concerning the Magistrate Judge's reliance on Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 237 (La. App. 1 Cir. 1977). In its Opposition to the Report and Recommendation, Plaintiff states that Liberty Mutual was overruled by Jenkins v. Jefferson Parish Sheriff's Off, 402 So.2d 669 (La. 1981). Although true, Plaintiff's argument is misleading considering the narrow point of law on which Jenkins overruled Liberty Mutual. Specifically, the Louisiana Third Circuit in Liberty Mutual said that a present sheriff could not be liable in his official capacity for the alleged acts of negligence committed by a former sheriff. 350 So.2d at 239–40. The Louisiana Supreme Court in Jenkins overruled Liberty Mutual only as to this issue and noted that the plaintiff could recover from a current sheriff for actions occurring during the tenure of a previous sheriff. Jenkins, 402 So.2d at 671. This point of law is irrelevant to Delta Fuel's claims and does not change our decision in adopting the Report and Recommendation of the Magistrate Judge.

Signed on this 27 day of October, 2011, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

2